IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01456-BNB

PIERRE TERRON-O'NEAL WATSON,

    Plaintiff,

v.

T. K. COZZA-RHODES, Warden,
DAN CLARK, Lieutenant,
ED VINCENT, Counselor,
JOHN DOE, Secret Service Agent,
JEFF GEORGE, Disciplinary Hearing Officer,
OFFICER ROMINE, Correctional Officer, and
MIRANDA AVALOS, Lieutenant,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

    Plaintiff, Pierre Terron-O'Neal Watson, is a prisoner in the custody of the Federal Bureau of Prisons who currently is incarcerated at the United States Penitentiary in Pine Knot, Kentucky. He has submitted *pro se* a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 4), an amended Prisoner Complaint (ECF Nos. 7) pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), and a separate supporting memorandum, which the order of June 12, 2013 (ECF No. 5), specifically directed him not to file. *See id.* at 2. Mr. Watson has been granted leave to proceed pursuant to § 1915.

    The Court must construe Mr. Watson's amended complaint liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not

be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Watson will be directed to file a second amended complaint.

Mr. Watson's claims are not included in the amended complaint he filed on June 24, 2013, but rather are included in the separate memorandum that also restates some information included in the amended complaint.  This fails to comply with the Federal Rules of Civil Procedure, as Mr. Watson was informed in the June 12 order.  *See* ECF No. 5 at 2.

The amended complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate Rule 8.

The amended complaint, supplemented by the separate memorandum Mr.

Watson filed, is verbose, unnecessarily repetitive, and fails to demonstrate clearly and succinctly the personal participation of each named defendant in the alleged constitutional violations.  Instead, Mr. Watson has provided a long statement of background facts without including those facts in the asserted claims, relying instead on the Court to piece together his claims with allegations.

Mr. Watson fails to provide "a generalized statement of the facts from which the defendant may form a responsive pleading."  *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).  For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis."  *Id.*

Mr. Watson must present his claims in a manageable and readable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims.  Mr. Watson must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights.  The Court does not require a long, chronological recitation of facts. Nor should the Court or defendants be required to sift through Mr. Watson's verbose allegations to determine which allegations go with which claim.  The general rule that *pro se* pleadings must be construed liberally has limits and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

In the second amended complaint he will be directed to file, Mr. Watson must assert clearly the personal participation by each named defendant.  *See Bennett v.*

3

*Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Mr. Watson must show how each named individual caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position.  *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986);  *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).  A supervisor is only liable for constitutional violations he or she causes.  *See Dodds v. Richardson*, 614 F.3d 1185, 1211 (10th Cir. 2010).  To state a claim in federal court, Mr. Watson "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).

Mr. Watson may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights.  However, if Mr. Watson uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion.  *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).  The Court finds that the amended complaint does not meet the requirements of Fed. R. Civ. P. 8.  Mr. Watson will be given an opportunity to cure the deficiencies in his amended complaint

by submitting a second amended complaint on the Court-approved Prisoner Complaint form that asserts claims clearly and concisely in compliance with Fed. R. Civ. P. 8,, and alleges specific facts that demonstrate how each named defendant personally participated in the asserted constitutional violations.

Accordingly, it is

ORDERED that Plaintiff, Pierre Terron-O'Neal Watson file **within thirty (30) days from the date of this order** a second amended complaint that complies with this order.  It is

FURTHER ORDERED that Mr. Watson shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, and shall use that form in submitting the second amended complaint.  It is

FURTHER ORDERED that, if Mr. Watson fails to file a second amended complaint that complies with this order within the time allowed, the amended complaint and the action will be dismissed without further notice.

DATED June 27, 2013, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge