IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01456-BNB

PIERRE TERRON-O'NEAL WATSON,

      Plaintiff,

v.

T. K. COZZA-RHODES, Warden,
DAN CLARK, Lieutenant,
ED VINCENT, Counselor,
JEFF GEORGE, Disciplinary Hearing Officer, and
MIRANDA AVALOS, Lieutenant,

      Defendants.

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND A MAGISTRATE JUDGE

---

Plaintiff, Pierre Terron-O'Neal Watson, is a prisoner in the custody of the Federal

Bureau of Prisons (BOP) who currently is incarcerated at the United States Penitentiary

– McCreary in Pine Knot, Kentucky.  He filed *pro se* a Prisoner Complaint (ECF No. 1)

and an amended Prisoner Complaint (ECF No. 9).

On June 27, 2013, Magistrate Judge Boyd N. Boland entered an order (ECF No.

10) directing Mr. Watson to file a second amended Prisoner Complaint that complied

with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and

alleged the personal participation of each named Defendant in the asserted

constitutional violations.  On August 29, 2013, after being granted an extension of time,

Mr. Watson submitted *pro se* a second amended Prisoner Complaint (ECF No. 17)

pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), and 42 U.S.C.

§ 1985(3).  He asks for money damages.

The Court must construe Mr. Watson's second amended complaint liberally

because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519,

520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the

Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.

Mr. Watson has been granted leave to proceed *in forma pauperis* pursuant to 28

U.S.C. § 1915.  Pursuant to § 1915(e)(2)(B)(i), the Court must dismiss the action if Mr.

Watson's claims are frivolous or malicious.  A legally frivolous claim is one in which the

plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts

that do not support an arguable claim.  *See Neitzke v. Williams*, 490 U.S. 319, 327-28

(1989).  For the reasons stated below, the second amended complaint will be dismissed

in part as legally frivolous.

Any claim Mr. Watson is attempting to assert in this action pursuant to 42 U.S.C.

§ 1985(3) is legally frivolous.  "The essential elements of a § 1985(3) claim are:  (1) a

conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities;

(3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting

therefrom."  *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993).  Section 1985(3)

applies only to conspiracies motivated by "some racial, or perhaps otherwise class-

based, invidiously discriminatory animus."  *Griffin v. Breckenridge*, 403 U.S. 88, 102

(1971).  To base a § 1985(3) claim on a non-racially motivated private conspiracy, it is

necessary to plead, *inter alia*:

> 1. that the conspiracy is motivated by a class-based
> invidiously discriminatory animus; and

2. that the conspiracy is aimed at interfering with rights that
by definition are protected against private, as well as official,
encroachment.

*Tilton*, 6 F.3d at 686.

Mr. Watson fails to allege specific facts to support the existence of the asserted

conspiracy.  *See Benavidez v. Gunnell*, 722 F.2d 615, 618 (10th Cir. 1983) (noting that

conclusory allegations of a conspiracy are not sufficient).  He does not contend that the

alleged conspiracy to deprive him of his rights was racially motivated, and he fails to

identify any other class-based invidiously discriminatory animus on which to base his §

1985(3) claim or that such a conspiracy was aimed at interfering with a right that is

protected against private as well as public encroachment.  Therefore, the Court finds

that any claim Mr. Watson may be asserting pursuant to § 1985 is legally frivolous and

must be dismissed.

Mr. Watson asserts three claims based upon violations of his due process rights

under the Fifth and Fourteenth amendments and rights to be free from cruel and

unusual punishment under the Eighth Amendment.

As his first claim, he complains that Warden T. K. Cozza-Rhodes and Lieutenant

Dan Clark placed him in administrative segregation in the Special Housing Unit (SHU)

for nine months starting on February 8, 2012, pending the outcome of an outside

agency criminal investigation.  It is unclear whether this SHU placement is related to

Plaintiff's placement in administrative segregation following disciplinary convictions on

two incident reports.  *See* claim three.  He further complains that his property was

confiscated, mail tampered with, and telephone and email privileges restricted.  He also

complains that Warden Cozza-Rhodes either denied grievances he filed or referred him

3

to Lieutenant Clark regarding any questions he may have.  An alleged denial of a grievance is insufficient to hold Warden Cozza-Rhodes liable under *Bivens*.  The denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation in the alleged constitutional violations.  *Burgess v. Daniels*, No. 13-cv-02191-BNB, 2013 WL 4776185, *3 (D. Colo. Sept. 4, 2013); *Plummer v. Daniels*, No. 13-cv-00440-BNB, 2013 WL 1444544, *2 (D. Colo. Apr. 9, 2013); *see also Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).  Claim one asserted against Warden Cozza-Rhodes and Lieutenant Dan Clark concerning Plaintiff's nine-month placement in administrative segregation will be drawn to a district judge and a magistrate judge.

As his second claim, Mr. Watson is suing Lieutenant Clark for initiating the investigation that kept him in the SHU for nine months.  He makes the vague and conclusory allegation that Lieutenant Clark used his position to have him placed in administrative segregation under a frivolous investigation and denied him access to the courts by confiscating his legal material.  He complains that Lieutenant Miranda Avalos, who is responsible for internal prison investigations, misled him into believing his legal material would be returned to him if he "sign[ed] off on Remedy Request No. 681140-F1."  ECF No. 17 at 10.

Mr. Watson already is suing Lieutenant Clark in claim one for placing him in the SHU for nine months.  His allegation that Lieutenant Clark initiated the investigation should have been asserted as part of claim one.  His other claims against Lieutenants Clark and Avalos are vague and conclusory and must be dismissed.  Merely making vague and conclusory allegations that his federal constitutional rights have been

4

violated does not entitle a *pro se* pleader to a day in court, regardless of how liberally the court construes such pleadings.  *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992).  "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations."  *Hall*, 935 F.2d at 1110.  Mr. Watson's vague and conclusory claims asserted against Lieutenants Clark and Avalos will be dismissed as legally frivolous.  His allegation that Lieutenant Clark initiated the investigation will be treated as subsumed into drawn claim one.

As his third claim, Mr. Watson alleges that Ms. Avalos; Ed Vincent, a counselor; and Jeff George, a discipline hearing officer, conspired to violate BOP policy in order to help keep him in the SHU with "frivolous and bogus [i]ncident [r]eports."  ECF No. 17 at 14.  In support of these allegations, Mr. Watson complains that Ms. Avalos delivered two incident reports seven days after they were written in violation of the BOP twenty-four-hour delivery policy.  He alleges that she conspired with Mr. Vincent to have the processing of the incident reports approved, as well as to hold the disciplinary hearing past the five days allowed by policy.  Mr. Watson apparently is suing Mr. George for holding the disciplinary hearing despite the alleged delay in his receiving notice within twenty-four hours of the incident reports and for finding him guilty as charged.  He alleges that after the hearing he was sanctioned by thirty days of disciplinary segregation; ninety days' loss of telephone, visiting, and commissary privileges; and the loss of twenty-seven days of good-conduct time credits.  Claim three will be drawn to a district judge and a magistrate judge.

Accordingly, it is

ORDERED that the second amended Prisoner Complaint that Plaintiff, Pierre Terron-O'Neal Watson filed, is dismissed in part pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous.  It is

FURTHER ORDERED that any claim Mr. Watson is attempting to assert pursuant to 42 U.S.C. § 1985(3) is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous.  It is

FURTHER ORDERED that the claim one allegations that Warden T. K. Cozza-Rhodes either denied or referred Mr. Watson's grievances is dismissed pursuant to § 1915(e)(2)(B) as legally frivolous.  It is

FURTHER ORDERED that the claim one allegations against Warden Cozza-Rhodes and Lieutenant Dan Clark concerning Plaintiff's nine-month placement in administrative segregation are drawn to a district judge and a magistrate judge.  It is

FURTHER ORDERED that Mr. Watson's claim two allegation that Lieutenant Clark initiated the investigation that kept him in the Special Housing Unit for nine months is treated as part of the drawn claim one.  It is

FURTHER ORDERED that the remaining vague and conclusory claim two allegations against Lieutenants Clark and Miranda Avalos are dismissed pursuant to § 1915(e)(2)(B) as legally frivolous.  It is

FURTHER ORDERED that claim three is drawn to a district judge and magistrate judge.

DATED at Denver, Colorado, this __13th__ day of ___November_____, 2013.

BY THE COURT:


__s/Lewis T. Babcock_____
LEWIS T. BABCOCK
Senior Judge, United States District Court