IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01456-PAB-MJW

PIERRE TERRON O'NEAL WATSON,

Plaintiff(s),

v.

T.K. COZZA-RHODES, Warden,
DAN CLARK, Lieutenant,
ED VINCENT, Counselor,
JEFF GEORGE, Disciplinary Hearing Officer, and
MIRANDA AVALOS, Lieutenant,

Defendant(s).

---

**AMENDED RECOMMENDATION ON
DEFENDANTS GEORGE, COZZA-RHODES AND AVALOS'S MOTION FOR
SUMMARY JUDGMENT ON THE ISSUE OF EXHAUSTION OF ADMINISTRATIVE
REMEDIES (Docket No. 33)**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before the undersigned pursuant to an Order Referring Case issued by Judge Philip A. Brimmer on November 19, 2013 (Docket No. 24).

This action is brought pursuant to 18 U.S.C. § 1331 and <u>Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics</u>, 403 U.S. 388 (1971). When the action was commenced, the pro se plaintiff, Pierre Terron O'Neal Watson, was incarcerated at the U.S. Penitentiary McCreary in Pine Knot, Kentucky. He has since been released from custody. (See Docket No. 29).

Plaintiff names the following five defendants in the Second Amended Complaint (Docket No. 17), which is the operative pleading: T.K. Cozza-Rhodes, Warden; Dan

Clark, Special Investigative Supervisor Lieutenant; Ed Vincent, Counselor; Jeff George, Disciplinary Hearing Officer; and Miranda Avalos, Lieutenant. At the time the incidents complained of in this pleading allegedly occurred, plaintiff was an inmate at FCI Florence in Florence, Colorado. Plaintiff raised three claims for relief in the Second Amended Complaint, but in an Order filed on November 13, 2013, Judge Babcock dismissed the Second Amended Complaint in part. More specifically, the Claim One allegations against Cozza-Rhodes and Clark concerning plaintiff's nine-month placement in Administrative Segregation ("Ad Seg"), the Claim Two allegation that Clark initiated the investigation that kept plaintiff in the Special Housing Unit ("SHU") for nine months, and Claim Three were allowed to proceed. However, any claim asserted pursuant to 42 U.S.C. § 1985(3), the Claim One allegations that defendant Cozza-Rhodes either denied or referred plaintiff's grievances, and the remaining vague and conclusory Claim Two allegations against Clark and Avalos were denied as legally frivolous. In addition, plaintiff's claim in Claim Two against Clark is to be treated as subsumed into drawn Claim One. Thus, the following are the remaining claims:

**Claim One. Violation of Due Process under the Fifth, Eighth, and Fourteenth Amendments.** On February 8, 2012, Cozza-Rhodes and Clark violated plaintiff's constitutional rights by placing plaintiff in Ad Seg where he was held under a bogus investigation for nine months which proved to be fruitless. Clark initiated the investigation. Plaintiff was never given a detention order or an incident report for violating institutional rules.

**Claim Three. Violation of Due Process under the Fifth, Eighth, and**

3

**Fourteenth Amendments.** Avalos, Vincent, and George conspired to violate BOP policy in order to assist the SIS Department to keep plaintiff in the SHU with frivolous and bogus Incident Reports which violated plaintiff's due process rights. On February 25, 2012, Avalos brought plaintiff two Incident Reports seven days after they were written, which violated the BOP's 24-hour delivery policy. She either forgot or neglected to bring plaintiff the reports within 24 hours, but she still processed them and referred them to the Unit Disciplinary Committee ("UDC"). She conspired with Vincent by having him create a false memo that was sent to the Warden's office in order to allow the reports to be processed as well as allowing the UDC to sanction plaintiff. On March 1, 2012, plaintiff filed an Informal Resolution Request (BP-8), which was denied by Vincent who advised he was going to e-mail the Warden requesting permission to allow the Incident Reports to be processed as well as allowing him to hold the UDC hearing even though it was well past the five-day period per policy for a hearing to be held. Rhodes allowed the UDC hearing to be held. On March 20, 2012, and again on March 30, 2012, plaintiff went to the UDC hearings and was found guilty even after he presented all of the violations of BOP policy and due process violations. Plaintiff received an Incident Report on March 19, 2012, and Vincent came to hold the hearing on April 13, 2012, based on purported rewritten reports dated April 7, which plaintiff had never received. Plaintiff went before DHO George on April 30 and explained the situation, and George postponed the hearing to check on plaintiff's claims. However, the hearing eventually went forward despite the policy violations. George found plaintiff guilty even though there was no evidence that plaintiff committed the prohibited acts. Plaintiff was sanctioned by thirty days of disciplinary segregation, ninety days of loss of telephone,

4

visiting, and commissary privileges, and loss of 27 days of good-conduct time credits.

Plaintiff seeks compensatory damages for emotional injuries and emotional pain and suffering and punitive damages.

Now before the court for a report and recommendation is Defendants George, Cozza-Rhodes and Avalos's Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies (Docket No. 33).[1] Plaintiff did not file a response to this motion. The court has considered the motion and the declaration and exhibits attached thereto as well as applicable Federal Rules of Civil Procedure and case law. In addition, the court has taken judicial notice of the court file. The court now being fully informed makes the following findings, conclusions of law, and recommendation.

The three moving defendants seek summary judgment because plaintiff did not exhaust his administrative remedies prior to filing suit. The Prison Litigation Reform Act of 1995 (" PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA requires exhaustion as a "precondition" to bringing litigation and requires dismissal where a litigant has failed to complete exhaustion before initiating a suit. See <u>Fitzgerald v. Corrections Corp. of Am.</u>, 403 F.3d 1134, 1140-41 (10th Cir. 2005). This exhaustion

---

[1]Service was not waived and accepted as to the remaining two defendants because Clark is not located in the District of Colorado, and Vincent no longer works for the Bureau of Prisons. (Docket No. 28). The only address plaintiff gave for Clark and Vincent was that of the Federal Correctional Complex in Florence. (See Docket No. 17 at 2). Plaintiff has not provided the court with current addresses for Clark and Vincent at which they can be served.

requirement "is mandatory, and the district court [is] not authorized to dispense with it." Beaudry v. Corrections Corp. of Am., 331 F.3d 1164, 1167 n.5 (10th Cir. 2003). Section "1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences." Porter v. Nussle, 534 U.S. 516, 520 (2002). The "failure to exhaust is an affirmative defense under the PLRA, and . . . inmates are not required to specially plead or demonstrate exhaustion in their complaints." Jones v. Bock, 549 U.S. 199, 216 (2007). As an affirmative defense, "the burden of proof for the exhaustion of administrative remedies in a suit governed by the PLRA lies with the defendant." Roberts v. Barreras, 484 F.3d 1236, 1241 (10th Cir. 2007).

The Bureau of Prisons ("BOP") has a four-step administrative procedure for prisoner grievances codified at 28 C.F.R. §§ 542.10 - 542.19. First, the prisoner is required to seek informal resolution of his complaint with prison staff. 28 C.F.R. § 542.13. If the prisoner does not obtain a satisfactory result, except in limited circumstances not present here, he must then address his complaint through a formal written Request for Administrative Remedy on a "BP-9" form. 28 C.F.R. §§ 542.13, 542.14. If the prisoner is dissatisfied with the response to his BP-9, the prisoner must then submit a Regional Office Administrative Remedy Appeal to the appropriate Regional Director on a "BP-10" form. 28 C.F.R. § 542.15(a). This BP-10 form must be submitted to the Regional Director no later than "20 calendar days of the date the Warden signed the response," but extensions may granted. 28 C.F.R. § 542.15(a). If dissatisfied with the Regional Director's response, the prisoner must then submit a Central Office Administrative Remedy Appeal with the National Inmate Appeals Administrator in the in the Office of the General Counsel in Washington, D.C., on a "BP-

11" form. See 28 C.F.R. § 542.15. That form must be submitted no later than "30 calendar days of the date the Regional Director signed the response," but extensions may be granted. 28 C.F.R. § 542.15(a). The appeal to the General Counsel in the Central Office is the final step of the administrative remedy process through the BOP. 28 C.F.R. § 542.15(a).

The Tenth Circuit has found that an inmate must appeal his grievance through all available channels to exhaust his administrative records fully. See Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002) ("An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." ). There is, however, a recognized exception to the requirement when an inmate has been prevented from filing a grievance. See id. "When prison officials block a prisoner's access to the grievance process, the administrative remedies are not 'available' to the prisoner and, therefore, do not need to be exhausted prior to initiation of [an] . . . action." Main v. Martin, 2009 WL 215404, *5 (D. Colo. Jan. 22, 2009). There has been no showing or allegation here that plaintiff has been prevented from filing his grievance at any of the four steps.

Here, defendants' statement of material facts, supported by a Declaration of Kaitlin B. Turner, Attorney Advisor at the Federal Correctional Complex in Florence, and exhibits, is undisputed by plaintiff who did not respond to the defendants' motion. The defendants have shown that plaintiff did not exhaust his administrative remedies prior to the commencement of this action as follows.

Although plaintiff alleges in his pleading that on February 21, 2012, he filed an administrative remedy request regarding why he was placed in Ad Seg, there is no

record that plaintiff did so. Instead, plaintiff's Administrative Remedy History shows that on February 27, 2012, the Warden's Office received an administrative remedy request from plaintiff dated February 15, 2012 (Remedy No. 677454-F1), in which plaintiff complained that he did not receive notification as to the reason for his placement in Ad Seg and some of his property was missing. (Turner Decl. ¶ 12, Attach. 1). On April 6, 2012, plaintiff signed a document by which he withdrew that administrative remedy request. (Turner Decl. ¶ 13, Attach. 2). Consequently, plaintiff did not exhaust that administrative remedy request.

Plaintiff filed another administrative remedy request (Remedy No. 698648-F1) in which he challenged his SHU placement. (Turner Decl. ¶ 15, Attach. 3). Plaintiff received a response on August 6, 2012 (Turner Decl. ¶ 16, Attach 4), but plaintiff did not appeal the response to either the regional or the Central Office levels. (Turner Decl. ¶ 16, Attach 5). Therefore, plaintiff did not exhaust his administrative remedies as to Remedy No. 698948.

Plaintiff filed yet another administrative remedy request (remedy No. 680352-F1) in which he complained that he did not receive notification as to the reason for his placement in Ad Seg. (Turner Decl. ¶¶ 18, 19, Attach 5, at 003). The Warden, however, declined to take action with respect to this request because she recognized that it raised the same issue that plaintiff was already raising in his earlier administrative remedy request (No. 677454-F1) which was being addressed. (Turner Decl. ¶ 20, Attach 5). Plaintiff did not appeal this response to either the regional or Central Office levels. (Turner Decl. ¶ 21, Attach 5, at 007-013 - showing no appeal designated as to 680352-R1 or 680352-A1). Therefore, plaintiff did not exhaust his administrative

8

remedies as to Remedy No. 680352.

The undisputed BOP records demonstrate that from February 1, 2012, to January 21, 2014, plaintiff filed a number of administrative remedy requests, but they are not relevant to the claims plaintiff raises in his Second Amended Complaint. (Turner Decl. ¶¶ 22-24). "Since the PLRA makes exhaustion a precondition to filing a suit, an action brought before administrative remedies are exhausted must be dismissed without regard to concern for judicial efficiency." Id. at *1 (quoting Ruppert v. Aragon, 448 Fed. Appx. 862, 863 (10th Cir. Feb. 9, 2012), cert. denied, 133 S.Ct. 137 (2012)); Merrell v. Allred, 2013 WL 1365788, at *5 (D. Colo. Jan. 17, 2013) ("[I]n the Tenth Circuit, exhausting administrative remedies after a complaint is filed does not save a claim from dismissal."), adopted by 2013 WL 1365767 (D. Colo. Apr. 4, 2013). This court is thus constrained to recommend dismissal without prejudice of the claims against the three moving defendants based upon the plaintiff's failure to exhaust administrative remedies prior to bringing this action.

With regard to the two unserved defendants, Clark and Vincent, it is recommended that the claims against them be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2) on the basis of failure to exhaust administrative remedies. See Laubach v. Scibana, 2008 WL 281545, at *13 (W.D. Okla. Jan. 31, 2008) (dismissing claims against unserved defendants *sua sponte* under § 1915(e)(2) based upon the fully-developed record that showed that all claims not barred by the statute of limitations were subject to dismissal under the PLRA based on plaintiff's failure to exhaust administrative remedies); Deere v. Grady County Sheriff, 2007 WL 4463749, at *1 (W.D. Okla. Dec. 17, 2007) (same). See Moore v. Thomas, 653 F. Supp.2d 984, 1003

(N.D. Cal. 2009) ("Summary judgment may be properly entered in favor of unserved defendants where (1) the controlling issues would be the same as to the as to the unserved defendants, (2) those issues have been briefed, and (3) [p]laintiff has been provided an opportunity to address the controlling issues.").

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that Defendants George, Cozza-Rhodes and Avalos's Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies (Docket No. 33) be **granted** and that the claims against defendants George, Cozza-Rhodes, and Avalos be dismissed without prejudice based upon the plaintiff's failure to exhaust his administrative remedies. It is further

**RECOMMENDED** that the claims against unserved defendants, Clark and Vincent, be dismissed *sua sponte* without prejudice pursuant to 28 U.S.C. § 1915(e)(2) on the basis of failure to exhaust administrative remedies.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.**

10

**Makin v. Colorado Dep't of Corrections**, 183 F.3d 1205, 1210 (10th Cir. 1999); **Talley v. Hesse**, 91 F.3d 1411, 1412-13 (10th Cir. 1996).

Date: March 17, 2014             s/ Michael J. Watanabe
      Denver, Colorado          Michael J. Watanabe
                                        United States Magistrate Judge